**FILED**
**JULY 14, 2026**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 41041-2-III |
| | ) | |
| JAIME LYNN DURST, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| BRANDEN JOHN DURST, | ) | |
| | ) | |
| Appellant. | ) | |

MURPHY, J. — Branden Durst appeals the trial court's posttrial awards of

$34,100.00 in discovery sanctions payable to counsel for Jaime Charles,[1] and $359.41

in interest payable to Charles on an amount awarded in a 2023 order. Durst contends

(1) the underlying 2023 order compelling discovery that included a $100.00 per diem

prospective penalty was not legally sufficient, (2) the 2024 award of sanctions lacked

---

[1] Formerly known as Jaime Durst.

required findings of fact and conclusions of law, (3) the trial court failed to weigh

*Burnet*[2] and *Fisons*[3] factors prior to assessing the sanction, (4) the sanction was entered

without a hearing in violation of due process, and (5) the amount of the sanction was

excessive. We agree that the sanction award is legally deficient. We reverse and remand

for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a long-running postdissolution relocation dispute. In

July 2022, Charles filed a notice of intent to move to Germany with the couple's two

children. Durst objected to relocation of the children and Charles's petition to change

the parenting plan and custody order. Pending a trial on these issues, the trial court

entered a temporary order allowing the children to relocate to Germany with Charles.

On December 14, 2022, Charles's counsel served written discovery requests on Durst

via e-mail. Durst responded within minutes stating he would "reply to the best of [his]

ability and to the extent required by law," but "given the extensive nature of the

interrogatories and previous time commitments, [he did] not anticipate having them

all replied to within 30 days." Clerk's Papers (CP) at 77. Less than 10 minutes later,

---

[2] *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997).
[3] *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 858 P.2d 1054 (1993).

No. 41041-2-III
*In re Marriage of Durst*

counsel for Charles e-mailed Durst the following response:

> That is not how this works. The responses are due in 30 days. If your
> answers are not completed in 30 days, I will schedule a CR26(i) conference
> with you. After that conference if you continue to fail to provide responses,
> I will file a motion to compel and will request attorney[ fees] for being
> forced to file such a motion. You will more than likely be required to pay
> those fees considering you are from the outset claiming to return responses
> as you see fit and not within the 30 day time frame. Those are the rules that
> govern discovery.

CP at 79. Durst partially answered and responded to the written discovery requests on

December 19, 2022. On January 17, 2023, counsel for Charles e-mailed Durst attaching a

letter identifying claimed deficiencies in discovery responses. Counsel noted in the letter:

> I will give you until January 24, 2023, to provide full and complete
> responses. If after that date, you fail to produce full and complete responses
> I would like to set a CR26(i) conference for January 25, 2023 at a time that
> is convenient for us both. I am available from 10:00am – 4:00pm PST [on]
> that date. Please let me know what time would work for you. Of course,
> this phone call will not be necessary if I receive full and complete
> responses by January 24.

CP at 90-91.

> On January 26, 2023, counsel for Charles e-mailed Durst:
>
> Yesterday, Wednesday, January 25th I attempted to call you at 208-981-
> 2255 at approximately 1:00pm.  Either my number is blocked, or your
> number is no longer in service, as it would not connect. I attempted to call
> several times. . . . To-date you have failed to respond. . . . Considering your
> lack of cooperation in returning timely and complete discovery. I will be
> moving forward with a Motion to Compel. If you wish to avoid this
> litigation, please provide me a convenient time to schedule a CR26(i)
> conference for Tuesday, January 31, 2023. If you do not respond or fail to

3

provide options for a CR26(i) conference, I will be moving forward with
the Motion and requesting attorney[] fees for this motion per the statute.

CP at 93.

On February 6, 2023, Charles filed a motion to compel discovery responses and for an award under CR 37(a)(4) of not less than $2,331 in attorney fees and costs.

On February 15, 2023, the trial court entered an order on Charles's motion. A provision in the order was that "[Durst] shall provide full and complete responses with 14 days of the entry of this signed order. For each day [Durst] fails to supply full and complete responses he shall incur [a] $100/day monetary sanction to be paid directly to [Charles's] attorney's office." CP at 94. The order included a judgment summary for $2,331 in attorney fees and costs awarded to Charles, with that amount bearing a 12 percent per annum interest rate.

On March 20, 2023, Durst filed a motion to vacate the February 15, 2023 order, on the basis of mistake and inadvertence under CR 60(b)(1), and requested a new hearing be scheduled on Charles's motion to compel. Durst asserted in both his motion and an accompanying declaration that there were issues with service and the documents related to the motion to compel did not reach him. He claimed to be unaware of the motion to compel, or that any hearing had been scheduled, "until after the order was entered and [an] email was sent by the bailiff of Court conveying the order." CP at 98. Durst also

4

identified that Charles's counsel had apparently transposed some of the digits of his phone number and listed his actual phone number, which was not the number used by Charles's counsel in the attempted CR 26(i) conference. Durst referenced his track record during the 10-year history of the case of filing timely responses to motions. The court considered Durst's motion without oral argument after striking a previously scheduled hearing. It found that Durst had failed to meet his burden of proof under CR 60(b)(1) and denied the motion to vacate. The court further ordered that the February 15, 2023, discovery order was to remain in full force and effect.

Approximately one year later, on March 11, 2024, in anticipation of a trial on relocation, Charles noted in her trial memorandum, in a section on sanctions, fees, and outstanding fees, that:

> [Durst] has also been intransigent regarding discovery. He was court-ordered to comply with discovery requests in February 2023, but to date, has not completed the discovery. He continues to object or fails to answer completely. Counsel sent three separate deficiency letters, outlining what was yet to be provided . . . , and [Durst] has so far failed to provide full and complete answers. The February 2023 order awards sanctions of $100 per day until he complies. He has yet to comply and has accrued thousands of dollars in sanctions. These sanctions currently total $38,200 through March 18, and should be reduced to judgment, along with outstanding attorney fees and sanctions for contempt, and interest on those amounts.

CP at 117. Charles requested that Durst "not be allowed to attempt to present evidence that conflicts with [Charles]'s documentation and evidence relating to those issues for [Durst's] failure to comply with discovery. CP at 118.

Durst, on March 12, 2024, in his own filed his trial brief, noted:

> One of the prior judicial officer's most egregious decisions was to deny [Durst's] motion to vacate the order to compel. As [Durst] articulated in his declaration on the matter, this case has had a litany of motions, hearings, orders and trials. . . .
> In this one instance, [Durst] did not receive e[-]mail correspondence either from [Charles's] counsel or the court. This resulted in a hearing for a motion to compel occurring without his knowledge. As soon as [Durst] became aware of the matter, he immediately informed the court of his lack of notice. . . .
> Further, the purposes of sanctions are to remedy harm and alter behavior. In this case, there has been no actual harm. Additionally, despite what she may otherwise claim, [Durst], to the best of his ability and in good faith, provided complete and thorough responses to her discovery, including supplemental responses and the offer to provide additional responses, well before the discovery cutoff date and the assigned trial date of March 18.
> . . . .
> At this point, these sanctions and fines are only punitive. [G]iven the origin of their existence when [Durst] legitimately was unaware, the court should vacate the fines and sanctions arising from the order to compel in their entirety, but if they are to remain in place they should be ended effective March 2023 when [Durst's] good faith effort to comply was completed.

CP at 133-35.

Trial on relocation occurred over the course of several days in May 2024. During his pro se direct testimony at trial, Durst started to offer testimony that the prior judicial officer assigned to the case was biased against him and that officer's award of attorney fees and costs as a sanction for a discovery violation was punitive and an error of law. The trial court stopped Durst and noted that this testimony sounded more like argument that should be reserved for closing statements, with the court reminding Durst that the only issue before the court was relocation and Durst would be better served by offering testimony as a fact witness on the statutory factors the court must consider in determining whether to grant or deny the petition to relocate the children. On cross-examination, Durst was fairly extensively questioned about compliance with responding to discovery requests, with the trial court eventually interrupting Charles's counsel with, "Can I—can I ask a question? Are we going down the road of discovery disputes or are there some points that you want to make . . . as it relates to the [relocation] statutory factors I have to consider here?" Rep. of Proc. (RP) (May 13, 2024) at 27.

In their closing statement, Charles's counsel asked the trial court to impose the $100 per day sanction from the date of the order in February 2023 until Durst complied, which Charles's counsel represented still had not be done, even though Durst had provided additional answers in February 2024. In his closing statement, Durst stated he thought his written discovery obligations were fully satisfied in March 2023.

7

The court approved relocation on June 26, 2024, and issued a final parenting plan and final order and findings on Durst's objection to relocation and Charles's petition to change the parenting plan and custody order that included a money judgment against Durst for unpaid guardian ad litem and mediation fees. The money judgment did not, however, address any discovery sanctions.

On July 8, 2024, both Durst and Charles filed dueling motions for reconsideration and clarification. Durst generally argued for a more favorable visitation schedule in the parenting plan. Part of Charles's motion requested "the Court reconsider its order denying [Charles's] 'other financial relief' as 'not being properly before this Court.'" CP at 157 (quoting CP at 171). Charles asked that attorney fees and interest awarded in the February 15, 2023, order on motion to compel be included in the money judgment section of the final order.

On August 13, 2024, the trial court granted, in part, Charles's motion. The court granted the request for an award of daily monetary sanctions consistent with the February 15, 2023, order, with the amount of $34,100.00 to be reduced to judgment. Similarly, interest in the amount of $359.41 on attorney fees owing from March 15, 2023, to June 26, 2024, was to be reduced to judgment, as well as $779.42 in interest owing from May 22, 2022, to June 26, 2024, pursuant to the fee judgment in the February 2023 order. That same day, Durst's motion for reconsideration and clarification was denied in full.

8

Durst filed a motion for reconsideration and clarification of the trial court's

August 13, 2024, order granting the $34,100 sanction. The trial court on September 13,

2024, denied Durst's motion. Also on September 13, 2024, the trial court entered an

amended final order and findings on relocation and the petition to change the parenting

plan and custody order, inclusive of a money judgment reflecting the following additional

figures: $34,100.00, with the creditor listed as counsel for Charles; and interest in the

amounts of $779.42 and $359.41, with the creditor listed as Charles.

Durst filed his notice of appeal on October 10, 2024. A Division Three panel

considered the appeal without oral argument after receiving an administrative transfer of

the case from Division One pursuant to CAR 21(a).

ANALYSIS

1.    *Timeliness of appeal*

Before considering the merits of Durst's appeal, we address Charles's argument

that Durst's appeal from the trial court's posttrial award of daily monetary sanctions is

not timely. Charles contends Durst failed to designate the August 13, 2024, order

imposing $34,100 in sanctions and thus the appeal is untimely and should be dismissed.

We reject these arguments.

The application of a court rule to a particular set of facts is reviewed de novo.

*State v. Walker*, 199 Wn.2d 796, 800, 513 P.3d 111 (2022). Court rules are interpreted in

9

the same manner as statutes, beginning with the plain language of the rule. *Id*. Generally, a notice of appeal must be filed within "30 days after entry of the decision of the trial court that the party filing the notice wants reviewed." RAP 5.2(a)(1). But RAP 5.2(e) allows for appeals within 30 days after a decision on a motion for reconsideration.

Here, in its August 13, 2024, order on Charles's motion for reconsideration and clarification, the trial court directed amendment of the final order and findings on relocation to include in the money judgment (1) $34,100.00 in sanctions and (2) $1,138.83 in interest. On August 24, Durst timely moved for reconsideration of the trial court's assessment of daily monetary sanctions in its August 13 order. On September 13, the trial court denied Durst's motion and issued an amended final order and findings on relocation, updating the money judgment to include the daily monetary sanctions and interest assessed on August 13. Durst's October 10, 2024, notice of appeal was timely filed within 30 days of the September 13, order on reconsideration.

The August 13, 2024, order contemplated the execution of an amended final order and findings with an updated money judgment. The September 13 amended order substantially altered the June 26, 2024, order by adding $34,100 in sanctions, as well as interest. Under RAP 2.4(c)(3), we will review a trial court order not designated in the notice of appeal, including an order that is appealable, when the notice designates an order that timely decided a motion based on CR 59.

Moreover, pursuant to RAP 2.4(b), we will review a trial court's order not designated in a notice if the order prejudicially affects the decision designated in the notice and the order is entered before the appellate court accepts review. Under this rule, we will review the February 15, 2023, discovery order upon which the August 13, 2024, order assessing daily monetary sanctions is based.

Durst's appeal is timely.

## 2.     *Standard of review*

Discovery sanction rulings are reviewed for abuse of discretion. *Fisons*, 122 Wn.2d at 338. A trial court abuses its discretion when the decision made is manifestly unreasonable or based on untenable grounds or reasons. *Burnet*, 131 Wn.2d at 494. Before the trial court imposes one of the more severe sanctions available under CR 37, it first must consider certain factors from *Fisons* and *Burnet*, including whether (1) a lesser sanction would be adequate to serve the purpose, (2) the violation was willful or deliberate, and (3) the violation substantially prejudiced the other party's trial preparation. *Fisons*, 122 Wn.2d at 355-56; *Burnet*, 131 Wn.2d at 494. The trial court may require the violating party "to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." CR 37(b).

"[I]t [is] an abuse of discretion for the trial court to impose [a] severe sanction . . . without first having at least considered, on the record, a less severe sanction that could have advanced the purposes of discovery and yet compensated [a party] for the effects of the [other party's] discovery failings." *Burnet*, 131 Wn.2d at 497 (citing *Fisons*, 122 Wn.2d at 355-56).

When imposing a discovery sanction, the trial court's reasoning should "be clearly stated on the record so that meaningful review can be had on appeal." *Burnet*, 131 Wn.2d at 494. In other words, a trial court must support its sanction with findings of fact and conclusions of law. *Just Dirt, Inc. v. Knight Excavating, Inc.*, 138 Wn. App. 409, 415, 157 P.3d 431 (2007). The record must also include an explanation of how the court calculated the attorney fee award. *Id.* at 416. "'[A]bsence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record.'" *Id.* at 415-16 (remanding trial court's award of attorney fees as sanctions where trial court failed to enter findings identifying sanctionable actions and did not explain how it calculated the fee award) (alteration in original) (quoting *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632 (1998)).

3.     *The lack of findings and conclusions*

The February 15, 2023, order compelled discovery and imposed a prospective $100 per day sanction without findings explaining the basis for the per diem amount

or the $2,331 fee award. The September 13, 2024, amended order reversed the June 26, 2024, denial of sanctions, and imposed $34,100 in sanctions without findings on willfulness, prejudice, lesser sanctions, or Durst's ability to pay. The only information giving a basis for the trial court's August 13, 2024, imposition of the sanction was:

> On February 15, 2023, Branden Durst was ordered to provide his full and complete responses to Petitioner's First Set of Interrogatories and Requests for Production propounded to him on December 14, 2022 within 14 days of entry of the Order on Motion to Compel. For each day Mr. Durst failed to supply his full and complete responses, he shall incur $100/day monetary sanctions to be paid directly to Petitioner's attorney's office. Sanctions are calculated herein from March 1, 2023 to February 5, 2024 (341 days) when Mr. Durst provided his last answers to Petitioner's First Interrogatories.

CP at 221.

CR 37(b)(2) lists five sanctions available for the trial court to order for failing to obey a discovery order. "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." CR 37(b)(2). The rule is silent as to a prospective per diem penalty that is untethered to actual expenses incurred as a result of a discovery violation. The $100 per day figure here appears to have originated with Charles's counsel in the proposed order submitted with the motion to compel, and was adopted by the trial court without

analysis given that no contested hearing took place on the motion.[4] The 2023 order is

legally invalid.[5] The 2023 order is embedded in the 2024 order awarding daily monetary

sanctions. The $34,100 sanction and imposed interest lack findings, let alone sufficient

findings. The trial court abused its discretion. We reverse the February 15, 2023,

discovery order in its entirety and remand for the trial court to vacate this order. The

August 13, 2024, order on reconsideration and clarification and the September 13, 2024,

amended order and findings on relocation are reversed only as to amounts reduced to

judgment that flow from the February 2023 discovery order.

---

[4] If a hearing took place prior to entry of the February 2023 order on the motion to compel and for fees and sanctions, there is no report of proceedings of the hearing in the record on review.

[5] As noted earlier in the factual background, a CR 26(i) conference did not occur in advance of entry of the February 15, 2023, order. CR 26(i) establishes a mandatory conference requirement before filing discovery motions, with the rule precluding trial courts from hearing such motions if conference requirements are not met. *Rudolph v. Empirical Research Systems, Inc.*, 107 Wn. App. 861, 866-87, 28 P.3d 813 (2001). It is recognized that enforceability of this prerequisite across divisions of this court are split with Division One holding that trial courts possess discretion to waive the requirement and decide discovery motions despite noncompliance with CR 26(i). *Amy v. Kmart of Wash., LLC*, 153 Wn. App. 846, 852-54, 223 P.3d 1247 (2009). This is compared to Divisions Two and Three that have consistently held trial courts lack authority to consider discovery motions without certifications of good faith conferences, thus making CR 26(i) compliance mandatory. *See Case v. Dundom*, 115 Wn. App. 199, 201-04, 58 P.3d 919 (2002) (Division Two); *Clarke v. Office of the Attorney Gen.*, 133 Wn. App. 767, 779-80, 138 P.3d 144 (2006) (Division Two), *review denied*, 160 Wn.2d 1006, 158 P.3d 614 (2007); *see also Thongchoom v. Graco Children's Products, Inc.*, 117 Wn. App. 299, 308, 71 P.3d 214 (2003) (Division Three), *review denied*, 151 Wn.2d 1002, 87 P.3d 1185 (2004).

### 4.     *Due Process and Consideration of required factors*

Generally, discovery sanctions are within the discretion of the trial court. *Teter v. Deck*, 174 Wn.2d 207, 216, 274 P.3d 336 (2012). CR 37(d) authorizes the trial court to impose the sanctions in CR 37(b)(2) when there is a discovery violation. *Magaña v. Hyundai Motor Am.*, 167 Wn.2d 570, 583-84, 220 P.3d 191 (2009). "'The purposes of sanctions orders are to deter, to punish, to compensate and to educate.'" *Id*. at 584 (quoting *Fisons*, 122 Wn.2d at 356).

Here, the $34,100 in daily monetary sanctions levied in the trial court's August 13, 2024, order were assessed without any meaningful response or participation by Durst, and without a hearing. During trial, both Durst and counsel for Charles attempted to offer evidence about the completeness of discovery answers and responses and compliance with the February 2023 discovery order. The trial court discouraged testimony on discovery disputes, instead refocusing the parties on the statutory relocation factors. In its September 13, 2024, amended final order and findings on relocation, the trial court did not enter findings on sanctions beyond a three-sentence justification citing to the February 15, 2023, order that, when reviewed, was entered without a response or substantive participation by Durst, followed by a summary denial of Durst's CR 60 motion. The 2024 award of sanctions was imposed without the framework of considerations imposed by *Burnet* and *Fisons*. For these reasons, the trial court violated

Durst's right to due process. Durst must be given the opportunity to fully respond to

the issue of sanctions on remand.[6]

5.      *Excessive and unreasonable award*

Without an explanation for why and how the trial court arrived at the sanction of

$34,100, this court cannot determine whether or not the award is excessive. Standing in

isolation from facts, the sanction, while clearly severe, appears excessive in the context of

admonitions from our Supreme Court that sanctions should "be reserved for egregious

conduct and not be viewed as simply another weapon in a litigator's arsenal." *Biggs v.

Vail*, 124 Wn.2d 193, 198 n.2, 876 P.2d 448 (1994). From the record before us, it does

not appear that the $34,100 was related to actual expenses. Nor does the record confirm

or refute whether this was based on a validly calculated per diem. Without findings, this

court cannot meaningfully review the basis for the award. These questions can be

answered on remand.

---

[6] We suggest the format for Durst to fully respond to the issue of sanctions occur in the context of a testimonial hearing such that both sides can develop the issue that was limited during trial. Such a hearing would permit the trial court to engage in asking its own questions, although the trial court has complete discretion in deciding how best to develop the facts on this issue. Should the trial court find that a discovery sanction is appropriate, its reasoning should be clearly stated on the record and supported with findings of fact and conclusions of law.

*6.    Reassignment on remand*

Durst requests that if this case is remanded, his case should be assigned to a different trial court judge. He claims reassignment is justified due to the unfairness or bias regarding the sanction award. Charles responds that it would be a tremendous undertaking for a new judge on remand to come up to speed and that the trial court was not unfair.

Reassignment is warranted only if the judge's impartiality can reasonably be questioned or to avoid the appearance of unfairness. "Due process, the appearance of fairness, and . . . the Code of Judicial Conduct require disqualification of a judge who is biased against a party or whose impartiality may be reasonably questioned." *Wolfkill Feed and Fertilizer Corp. v. Martin*, 103 Wn. App. 836, 841, 14 P.3d 877 (2000). A trial court is presumed to perform its functions without bias or prejudice. *Id*. The appearance of fairness doctrine is violated only when a reasonably prudent and disinterested observer would conclude that the parties did not obtain a fair, impartial, and neutral hearing. *State v. Bilal*, 77 Wn. App. 720, 722, 893 P.2d 674 (1995).

On review of the record before us, we find no evidence of partiality or unfairness on the part of the trial judge. On remand, the same judicial officer may proceed, if available to do so.

17

No. 41041-2-III
*In re Marriage of Durst*

APPELLATE ATTORNEY FEES AND COSTS

Charles requests attorney fees and costs on appeal under RAP 18.1 and RAP 18.9. We deny her request.

CONCLUSION

We reverse the February 15, 2023, discovery order in its entirety. The August 13, 2024, order on reconsideration and clarification and the September 13, 2024, amended order and findings on relocation are reversed only as to amounts reduced to judgment that flow from the February 2023 discovery order. We remand for the trial court to vacate the February 15, 2023, discovery order, and for further proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____          _____
Staab, C.J.                                Lawrence-Berrey, J.

18